UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Members of the Board of　　　　　　　　　　　　　　　Case No. 3:18-cv-2628
Administration of the Toledo Area
Industries UAW Retirement Income
Plan,

    Plaintiff,

  v.　　　　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　　　　　　　　　AND ORDER

Conforming Matrix Corp.,

    Defendant.


Plaintiff Members of the Board of Administration of the Toledo Area Industries UAW Retirement Income Plan (the "Board") filed suit on November 14, 2018, alleging Defendant Conforming Matrix Corp., failed to pay money it owed for contributions to the Toledo Area Industries UAW Retirement Income Plan (the "Plan"). (Doc. No. 1).

Though the Board completed service of the complaint upon the Defendant, neither filed an answer and the Board filed an application to the Clerk of Court for the entry of default pursuant to Rule 55. (Doc. No. 5). The Clerk of Court entered default on January 7, 2019. (Doc. No. 6). The Defendant also was served with a copy of the entry of default, by mail to the Defendant's registered agent, but the Defendant has not appeared in this litigation to object to the entry of default or to oppose the Board's motion for default judgment and assessment of damages and attorney fees. (Doc. No. 7).

A court may enter a default judgment pursuant to Rule 55(b)(2), which provides, in these circumstances, that "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Wilson v. D & N Masonry, Inc.*, No. 1:12-CV-922, 2014 WL 5089419, at *1 (S.D. Ohio Oct. 9, 2014) (citation omitted).

The allegations of the complaint, when taken as true, demonstrate Defendant breached its duty to pay its calculated withdrawal liability following its withdrawal from the Plan in February 2018. (Doc. No. 1 at 3). Defendant was informed its withdrawal liability for Plan contributions was $2,900,944, and that its liability would be capped at $542,880 if it made payments as pursuant to a payment schedule. (Doc. No. 1 at 3). Defendant did not make any payments and did not seek a review of the calculation of its withdrawal liability. (Doc. No. 1 at 3-4). I conclude the Board is entitled to compensatory damages in the amount of $2,900,944.

Additionally, I conclude the Board is entitled to an award of attorney fees pursuant to the Plan. (Doc. No. 1 at 5; Doc. No. 8-1 at 3). Pursuant to my request, the Board has supplemented its fee request to include a break-down of its fee request. (Doc. No. 8-2). The Board documents a total of 15.2 attorney hours, 14.4 of which are billed at a rate of $195 per hour and 0.8 of which are billed at a rate of $200 per hour. (Id.). It also documents 4.2 legal assistant hours, billed at $85 per hour, a filing fee of $400.00, and expenses of $8.83. (Id.). After reviewing the affidavits and records submitted, I conclude the fees requested are reasonable. *See, e.g., Hensley v. Eckerhart*, 4691 U.S. 424, 437 (1983) ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."). I conclude the Board is entitled to its requested attorney's fees and costs in the amount of $3,733.83. (Doc. No. 8-2).

I also conclude the Board is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961(a), and to pre-judgment interest on the amount of compensatory damages the Board incurred as a result of Defendant's failure to pay its withdrawal liability. *See, e.g., Brown v. Consol. Rail Corp.*,

614 F. Supp. 289, 291 (N.D. Ohio 1985) ("[P]rejudgment interest is a means by which a party who is entitled to an award can collect the proceeds from funds he presumably would have had the use of had it not been for defendant's conduct.").

The Board, however, is not entitled to liquidated damages. While the Board now asserts the Plan documents permit the imposition of liquidated damages, (Doc. No. 7 at 5), the Board did not request that relief in its Complaint, and therefore it is barred from recovering damages on that basis upon the entry of a default judgment. Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

For these reasons, the Board's motion for default judgment, (Doc. No. 7), is granted in part and denied in part. I conclude the Board is entitled to $2,900,944 in compensatory damages, $3,733.83 in attorney fees and costs, pre-judgment interest on its compensatory damages, and post-judgment interest calculated pursuant to 28 U.S.C. § 1961(a). I deny its request for liquidated damages.

So Ordered.

        s/ Jeffrey J. Helmick
        United States District Judge